**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 21-4467**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GESANU TIMOTHY XIONG,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:20-cr-00174-MOC-DSC-1)

―――――――――――

Submitted:  September 30, 2025                    Decided:  October 7, 2025

―――――――――――

Before KING, AGEE, and HARRIS, Circuit Judges.

―――――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:** Anthony Martinez, Federal Public Defender, Joshua B. Carpenter, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gesanu Timothy Xiong appeals the 100-month sentence imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Xiong argues that the district court erred in establishing his base offense level under the Sentencing Guidelines by counting his North Carolina conviction for possession with intent to manufacture, sell, and deliver marijuana as a "controlled substance offense." *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(3) (2018). Xiong also contends that the district court erred by assigning him two criminal history points for a prior South Carolina conviction for which he received an alternative sentence of either 90 days' imprisonment or a $1,000 fine.

Before addressing the merits of the appeal, we grant in part and deny in part Xiong's motion to remove this case from abeyance and to expedite this court's decision. Specifically, we grant Xiong's motion to remove this case from abeyance, and we deny as moot his motion to expedite. In addition, for the reasons that follow, we vacate the sentence and remand for resentencing.

We first address Xiong's challenge to the district court's calculation of his base offense level, reviewing "the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (citation modified). Xiong argues that his North Carolina marijuana conviction does not categorically qualify as a controlled substance offense. In support, he asserts that the statute under which he was convicted included hemp in the definition of marijuana,

2

whereas neither current North Carolina law nor federal law treats hemp as a controlled substance.

Under the Guidelines, a "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute or dispense." USSG § 4B1.2(b). While this appeal was pending, we held that a "time-of-conviction approach applies" when determining whether a prior conviction qualifies as a Guidelines controlled substance offense. *United States v. Nelson*, __ F.4th __, __, No. 22-4658, 2025 WL 2372029, at *6 (4th Cir. Aug. 15, 2025). And here, Xiong's North Carolina conviction categorically qualified as a controlled substance offense at the time of that conviction. We therefore conclude that the district court did not err by applying USSG § 2K2.1(a)(3).

Turning to Xiong's argument that his alternative sentence for the South Carolina conviction did not qualify for two criminal history points, Xiong did not raise this argument in the district court. Accordingly, we review his argument for plain error. *See United States v. Green*, 996 F.3d 176, 185 (4th Cir. 2021). To establish plain error, Xiong "has the burden of showing: (1) that an error was made, (2) that the error was plain, and (3) that the error affected his substantial rights." *Id.* "Even then, correction of an error is discretionary, and we will exercise that discretion only if an error would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).

3

We conclude that the district court erred by assigning Xiong's South Carolina conviction two criminal history points. Because Xiong received an alternative sentence of 90 days' imprisonment or a $1,000 fine, the court should have applied only one criminal history point for that offense. *See* USSG § 4A1.2 cmt. n.4 ("A sentence which specifies a fine or other non-incarcerative disposition as an alternative to a term of imprisonment . . . is treated as a non-imprisonment sentence."); USSG § 4A1.1(c) (directing application of one criminal history point for non-imprisonment sentences and sentences of imprisonment of less than 60 days). This error was also plain, given that it contradicted the clear instructions of the Guidelines. *See United States v. Davis*, 855 F.3d 587, 595-96 (4th Cir. 2017) (noting that error is plain where "the explicit language of a statute or rule resolves the question.").

Furthermore, absent the extra criminal history point, Xiong's criminal history category would have been III instead of IV and, in turn, his Guidelines range would have been lower. *See* USSG ch. 5, pt. A (sentencing table). We thus conclude that the error affected Xiong's substantial rights. *See Green*, 996 F.3d at 186 (recognizing that defendant generally demonstrates error affected substantial rights "once he establishes that the district court mistakenly deemed applicable an incorrect, higher Guidelines range" (citation modified)). Accordingly, we exercise our discretion to correct the error. *See Rosales-Mireles v. United States*, 585 U.S. 129, 145 (2018) ("In the ordinary case, . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings.").

4

Therefore, we vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*